UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

| | | |
|---|---|---|
| MARVIN FRANK, | : | |
| individually and on behalf of a class, | | |
| | : | |
| Plaintiff, | | Case No. 07 CV 11420 (VM) |
| | : | |
| -v.- | | |
| | : | |
| 1337 THIRD AVENUE LLC, | | |
| d/b/a ATLANTIC GRILL, | : | |
| | | |
| Defendant. | : | |

------------------------------------------------------------------ x


**MEMORANDUM OF LAW OF 1337 THIRD AVENUE LLC
IN SUPPORT OF ITS MOTION TO DISMISS**






**Schulte Roth & Zabel LLP**
919 Third Avenue
New York, NY 10022
212-756-2000

*Attorneys for Defendant 1337 Third Avenue LLC*

Table of Contents

Page

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF ALLEGATIONS ........................................................................................... 2

LEGAL STANDARD .................................................................................................................. 5

ARGUMENT ................................................................................................................................ 5

I. THE COURT LACKS SUBJECT MATTER JURISDICTION OVER THE AMENDED
   COMPLAINT BECAUSE THE PLAINTIFF DOES NOT HAVE STANDING TO
   MAINTAIN THIS ACTION. ........................................................................................... 5

II. IN THE ABSENCE OF ACTUAL HARM, THE RELIEF SOUGHT BY PLAINTIFF
    WOULD VIOLATE PRINCIPLES OF DUE PROCESS. ............................................... 8

III. IN THE ABSENCE OF ACTUAL HARM, THE RELIEF SOUGHT BY PLAINTIFF
     WOULD VIOLATE COMMON LAW TORT PRINCIPLES. ...................................... 12

CONCLUSION ........................................................................................................................... 15

**TABLE OF AUTHORITIES**

**CASES**

*Alster v. Goord*,
    No. 05 Civ. 10883, 2008 WL 506406 (S.D.N.Y. Feb. 26, 2008) ...................................... 5

*Anderson v. Capital One Bank*,
    224 F.R.D. 444 (W.D. Wis. 2004) ................................................................................ 11

*Arcilla v. Adidas Promotional Retail Ops.*,
    488 F.Supp.2d 965 (C.D. Cal., 2007) ........................................................................... 13

*Bauer v. Veneman*,
    352 F.3d 625 (2d Cir. 2003) .......................................................................................... 6

*Bernal v. Corestar Financial Group*,
    No. 06C0009, 2006 WL 2038195 (E.D. Wis. July 20, 2006) ........................................ 14

*Blanco v. CEC Entm't Concepts L.P.*,
    CV 07-0559 (GPS), 2008 WL 239658 (C.D. Cal. Jan. 10, 2008) ............................. 10, 11

*Burdge v. Kerasotes Showplace Theaters, LLC*,
    No. CA2006-02-023, 2006 WL 2535762 (Ohio App., Sept. 5, 2006) ........................... 10

*Doe v. Chao*,
    540 U.S. 614 (2004) ............................................................................................. 12, 13

*Follman v. Hospitality Plus of Carpentersville, Inc.*,
    532 F.Supp.2d 960 (N.D. Ill. 2007) ............................................................................... 3

*Giordano v. Wachovia Securities, LLC*,
    No. 06-476, 2006 WL 2177036 (D.N.J. July 31, 2006) .................................................. 6

*Grabein v. 1-800-Flowers.com*,
    No. 07-22235-CIV, 2008 WL 343179 (S.D. Fla. Jan. 29, 2008) .................................... 3

*Howard v. Hooters of Houston*,
    4:07-cv-03399 (S.D. Tex. April 5, 2008) (unpublished) ................................................ 8

*Hernandez v. Chase Bank USA, NA.*,
    429 F. Supp. 2d 983 (N.D. Ill. 2006) ........................................................................... 14

*Iosello v. Leiblys, Inc.*,
    502 F.Supp.2d 782 (N.D. Ill. 2007) ......................................................................... 3, 13

*Kline v. Coldwell Banker & Co.*,
    508 F.2d 226 (9th Cir. 1974)..................................................................................................11

*Legge v. Nextel Commc'ns, Inc. v. Capital One Bank*,
    CV 02-8676DSF(VNKX), 2004 WL 5235587 (C.D. Cal. June 25,2004) .................10, 11

*Levy v. Alliance Capital Mgmt. L.P.*,
    No. 98-9528, 1999 WL 642920 (2d Cir. Aug. 20, 1999)....................................................5

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) ...................................................................................................5, 6, 7

*Miller v. CoreStar Fin. Group of Pa, Inc.*,
    No. 05-5133, 2006 WL 1876584 (E.D. Pa. June 29, 2006) .............................................14

*Parker v. Time Warner Entertainment Co., L.P.*,
    331 F.3d, 13 (2d Cir. 2003) ...................................................................................9, 10, 12

*Philbin v. Trans Union Corp.*,
    101 F.3d 957 (3rd Cir. 1996)..........................................................................................2, 13

*Randolph v. ING Life Ins. Co. & Annuity*,
    No. 06-1228, 2007 WL 565872 (D.D.C. Feb. 20, 2007) .................................................6, 7

*Ratner v. Chemical Bank New York Trust Co.*,
    54 F.R.D. 412 (S.D.N.Y. 1972)..........................................................................................11

*Serna v. Costco Wholesale Corp.*,
    CV 07-1491 AHM, 2008 WL 234197 (S.D. Cal. Jan. 3, 2008)................................10, 11

*Smith v. Chase Manhattan Bank*,
    293 A.D. 2d 598 (N.Y. App. Div., 2002) ............................................................................6

*Soualian v. Int'l Cofee and Tea LLC*,
    CV 07-502-RGK, 2007 WL 4877903 (C.D. Cal. May 22, 2007) ....................................12

*Soualian v. Int'l Cofee and Tea LLC*,
    CV 07-502-RGK, 2007 WL 4877902 (C.D. Cal. June 11, 2007) .............................10, 11

*St. Louis, Iron Mt. & S. Ry. Co. v. Williams*,
    251 U.S. 63 (1919) .........................................................................................................8, 9

*State Farm Mut. Auto. Ins. Co. v. Campbell*,
    538 U.S. 408 (2003) .......................................................................................................9, 12

*Texas v. Am. Blastfax, Inc.*,
    121 F.Supp.2d 1085 (W.D.Tex. 2000) ..................................................................8

*In re Trans Union Corp. Privacy Litig.*,
    211 F.R.D. 328 (N.D. Ill. 2002) ..........................................................................11

*United States v. Hays*,
    515 U.S. 737 (1995) ............................................................................................6

*Warth v. Seldon*,
    422 U.S. 490 (1975) .........................................................................................5, 7

*Whitmore v. Arkansas*,
    495 U.S. 149 (1990) ............................................................................................6

## STATUTES

15 U.S.C. § 1681(b) ........................................................................................................3

15 U.S.C. § 1681c(g)(1) ..............................................................................................2, 3

15 U.S.C. § 1681n(a)(1)(A) ............................................................................................3

15 U.S.C. § 1681n(a)(2) ..................................................................................................3

15 U.S.C. § 1681o ...........................................................................................................3

F.R.C.P. 12(b)(1) .........................................................................................................1, 6

F.R.C.P. 12(b)(6) .........................................................................................................1, 5

F.R.C.P. 23(b)(3) ...........................................................................................................11

U.S. CONST. art. III, § 2 .................................................................................................5

## MISCELLANEOUS

Credit and Debit Card Receipt Clarification Act of 2007,
    H.R. 4008, 110th Congress § 3 (2007) ................................................................2

Defendant 1337 Third Avenue LLC ("1337 Third Avenue") respectfully submits this Memorandum of Law in Support of its Motion to Dismiss the Amended Complaint in its entirety pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

**PRELIMINARY STATEMENT**

This lawsuit is one of a number of putative class actions filed across the country targeting merchants that electronically print debit and credit card receipts. Plaintiff's objective in this suit is to exploit a recently effective amendment to the Fair Credit Reporting Act ("FCRA") and the class action rules in an attempt to collect substantial sums in penalties and attorney fees on behalf of a purported class of plaintiffs who have not suffered any damages or otherwise been harmed. In fact, at no point in the complaint does plaintiff even allege that he or any members of the putative class he seeks to represent have suffered any damages or injury whatsoever.

The amendment, the Fair and Accurate Credit Transactions Act ("FACTA"), contains a provision regulating credit card and debit card information on electronically printed sales receipts. Plaintiff alleges that on September 12, 2007, Atlantic Grill, a restaurant which is owned and managed by 1337 Third Avenue, handed him a receipt that displayed his American Express card expiration date. Based upon this alleged technical violation of the statute, Plaintiff, on his own behalf and that of the purported class he wants to represent, seeks to recover massive statutory and punitive damages in the absence of any actual damages.

Plaintiff has not even alleged, and could not allege, that he suffered *any* actual damages. Rather, Plaintiff seeks "statutory damages" -- $100 to $1000 for every transaction such as his at the Atlantic Grill since December 4, 2006. The award of such substantial damages in the complete absence of any allegation of actual damages fails to confer necessary standing on Plaintiff and violates 1337 Third Avenue's due process rights and general principles of tort law.

1

For these reasons, as more fully set forth below, the Amended Complaint should be dismissed in its entirety.

## STATEMENT OF ALLEGATIONS

Description of FACTA

Plaintiff alleges that 1337 Third Avenue violated FACTA, 15 U.S.C. § 1681c(g), which provides that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction." (Amended Complaint ("Compl.") ¶¶ 2, 27 (quoting 15 U.S.C. § 1681c(g)(1)).) FACTA added Section 1681c(g) to the FCRA. (*See* Compl. ¶ 1.)

Many businesses read this provision of FACTA to require that the credit or debit card receipt excise either all but the last five digits of the credit card number or the expiration date, but not both, and thus excised all but the last five digits of the credit card number, but left the expiration date on the receipt. This reading of the statute, and thus the inclusion of the expiration date on credit card receipts, has spawned numerous putative class action suits across the country, seeking in most cases no actual damages but rather ruinous statutory damages. These suits have led to the introduction of a bill in Congress that proposes a safe harbor for those merchants who excise all but the last five digits of the credit card number but leave in the expiration date, which safe harbor terminates upon the date of the passage of the law. Credit and Debit Card Receipt Clarification Act of 2007, H.R. 4008, 110th Congress § 3 (2007).

The FCRA was designed to protect consumers' credit histories and reports. *Philbin v. Trans Union Corp.*, 101 F.3d 957, 962 (3rd Cir. 1996). The purpose of the FCRA is to "require that consumer reporting agencies adopt reasonable procedures for meeting the needs of

2

commerce for consumer credit, personnel, insurance and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this title." 15 U.S.C. § 1681(b). "Congress enacted FACTA with the intent of helping to prevent the possibility of thieves stealing the identity of another. . . ." *Iosello v. Leiblys, Inc.*, 502 F.Supp.2d 782, 786 (N.D. Ill. 2007); *see also Follman v. Hospitality Plus of Carpentersville, Inc.*, 532 F.Supp.2d 960, 964 (N.D. Ill. 2007); *Grabein v. 1-800-Flowers.com*, No. 07-22235-CIV, 2008 WL 343179, at *5 (S.D. Fla. Jan. 29, 2008).

The liability provisions associated with FACTA, 15 U.S.C. § 1681c(g), are found in the FCRA at 15 U.S.C. Sections 1681n and 1681o. (*See* Compl. ¶ 43.) Section 1681n provides that any person who willfully fails to comply with the FCRA is liable for "actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000." (Compl. ¶ 43 (quoting 15 U.S.C. § 1681n(a)(1)(A)).) Section 1681n also allows for recovery of punitive damages "as the court may allow." (Compl. ¶ 43 (quoting 15 U.S.C. § 1681n(a)(2)).)

While FACTA was enacted in December 2003, it did not become effective with respect to cash registers or other machines dispensing credit and debit card receipts in use before January 1, 2005 until December 4, 2006. (Compl. ¶ 29 (citing 15 U.S.C. § 1681c(g)).)

Plaintiff's Alleged Violations of FACTA

1337 Third Avenue is a New York limited liability company with its principal place of business in New York City. (Compl. ¶ 15.) Plaintiff alleges that 1337 Third Avenue owns and operates the Atlantic Grill, a restaurant located at 1341 Third Avenue in Manhattan. (*Id.* at ¶ 15.) Plaintiff alleges that "[o]n September 12, 2007, [he] received a computer-generated

3

cash register receipt from Atlantic Grill which displayed [his] American Express card expiration date." (*Id*. at ¶ 17.) (All but the last four digits of the credit card number had been excised, more than the statutory requirement in FACTA in this regard.)

Plaintiff does not allege that he or any member of the purported class has been harmed in any way, much less that anyone has suffered any compensable damages or suffered any injury whatsoever, as a result of any action by 1337 Third Avenue. In fact, Plaintiff, on his own behalf and that of the proposed class, seeks only statutory and punitive damages, and fails to mention actual damages anywhere in his complaint. (*Id*. at ¶ 44.)

Plaintiff seeks to bring his action on behalf of a purported class of :

> all persons to whom Defendant provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring after December 4, 2006, which receipt displays (a) more than the last five digits of the person's credit card or debit card number, or (b) the expiration date of the person's credit or debit card or (c) both.

(*Id*. at ¶ 20). Plaintiff alleges that the class will be comprised of "well over 400 persons" who received a receipt similar to his. (*Id*. at ¶ 22.) In fact, this class will most likely include a significantly greater number of individuals.

The Amended Complaint seeks "statutory damages of $100 to $1,000" for every allegedly non-compliant receipt issued by Atlantic Grill since December 2006. (*Id.* at 8.) In addition, Plaintiff seeks attorney's fees, litigation expenses and costs, and punitive damages. (*Id*. at 9.) If Plaintiff prevails in having such a class certified and on the merits of his claim, 1337 Third Avenue could be subject to substantial statutory damages, without a single dollar of actual damages proven or even alleged, in addition to having to expend significant sums to defend a suit where there have been no damages even alleged.

4

**LEGAL STANDARD**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must be dismissed if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Levy v. Alliance Capital Mgmt. L.P.*, No. 98-9528, 1999 WL 642920, at *1 (2d Cir. Aug. 20, 1999) (internal citations omitted). While deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court will "accept the material facts alleged in the complaint as true and construe all reasonable inferences in a plaintiff's favor." *Alster v. Goord*, No. 05 Civ. 10883, 2008 WL 506406, at *2 (S.D.N.Y. Feb. 26, 2008). There is no controversy as to what was pled here, however, since at no place does Plaintiff plead that he, or any member of the putative class, was damaged or injured in any way; rather, it is clear that Plaintiff has simply shown up to attempt to collect substantial statutory damages for himself and the putative class, although he has not suffered any injury whatsoever.

**ARGUMENT**

I.  **THE COURT LACKS SUBJECT MATTER JURISDICTION OVER THE AMENDED COMPLAINT BECAUSE THE PLAINTIFF DOES NOT HAVE STANDING TO MAINTAIN THIS ACTION.**

The Constitution limits the jurisdiction of the federal courts to "cases and controversies." U.S. CONST. art. III, § 2. It is well-settled law that federal courts lack subject matter jurisdiction over any case or controversy in which the plaintiff lacks the "irreducible constitutional minimum of standing." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldon*, 422 U.S. 490, 498 (1975).

In order to establish standing, a plaintiff must first establish that he has suffered an "injury in fact," an "invasion of a legally protected interest which is (a) concrete and

5

particularized and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citations and internal quotations omitted); *see also Bauer v. Veneman*, 352 F.3d 625, 632 (2d Cir. 2003). Although threatened injury may confer standing, the threat must be "certainly impending" and not remote or speculative. *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990).

The Plaintiff bears the burden of establishing each of the elements of standing. *United States v. Hays*, 515 U.S. 737 (1995). Where, as here, the Plaintiff has not alleged any injury in fact, the court lacks subject-matter jurisdiction to hear the claims and the Court should dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(1).

In the instant case, Plaintiff has not alleged and cannot allege that he or the purported class suffered any injury whatsoever, much less a concrete or particularized injury. Specifically, Plaintiff alleges that he received a receipt from the Atlantic Grill restaurant that displayed his American Express expiration date. The Plaintiff does *not* allege that receiving this receipt caused him to be an actual victim of identity theft or fraud. Indeed, nowhere does Plaintiff assert that his account information or credit card expiration date ended up in the hands of a third party who used it for fraudulent purposes. Plaintiff does not even go so far as to assert that the complained of actions caused a generalized increased risk of identity theft or some other harm, which, even if he had so pled, would not be a basis for standing.[1] Instead, Plaintiff alleges that irrespective of any injury, he and the purported class are entitled to statutory damages of $100 to $1,000 per receipt, attorney's fees and costs, and punitive damages. Standing, however,

---

[1] An increased risk of identity theft from the loss or theft of personal data is not a legally cognizable injury in fact sufficient to confer standing. *See, e.g.*, *Randolph v. ING Life Ins. Co. & Annuity*, No. 06-1228, 2007 WL 565872, at *1 (D.D.C. Feb. 20, 2007); *Giordano v. Wachovia Securities, LLC*, No. 06-476, 2006 WL 2177036, at *3-4 (D.N.J. July 31, 2006); *Smith v. Chase Manhattan Bank*, 293 A.D. 2d 598, 599 (N.Y. App. Div., 2002).

6

is a constitutional prerequisite to *any* cause of action and Plaintiff is unable to pursue his claim without an injury in fact.

The Supreme Court has stated that neither the courts nor Congress can ignore "the concrete injury requirement" of standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 576 (1992). In *Lujan*, the Court considered a citizen-suit provision of the Endangered Species Act ("ESA") that allowed any person to commence a civil suit to enjoin any person from actions in violation of the statute, regardless of any discrete injury to the plaintiff from the violation. *Id*. at 572-73. The Court stated, however, that Congress could not discard the fundamental principle of the injury requirement and stated that in the absence of individual injury in fact, the plaintiffs lacked standing. *Id*. at 578. Just as the Court in *Lujan* denied standing for plaintiffs who had suffered no actual injury, so too should this Court find that Plaintiff lacks standing and that Plaintiff's claims should be dismissed.

While actual injury under Article III "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing" *Warth v. Seldon*, 422 U.S. 490, 500 (1975) (citations and internal quotations omitted), in *Lujan,* the court limited this rule by stating that the plaintiff class lacked standing even though the ESA conferred an explicit right on any person to bring suit for violation of the statute. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 578 (1992). The court denied such a "generally available grievance" because the plaintiffs had suffered no actual injury. *Id*. at 573-74. The Plaintiff class in the present case, like the plaintiff class in *Lujan,* suffered no actual injury and therefore lacks the requisite Article III standing to bring suit.[2]

---

[2] Likewise, in *Randolph v. ING Life Ins. Co. & Annuity*, No. 06-1228, 2007 WL 565872, at *1 (D.D.C. Feb. 20, 2007), retired District of Columbia employees brought suit against a life insurance company that had lost a laptop computer containing their private personal information. The plaintiffs argued that they had standing under D.C. Code sections 1-626.14 and 1-747. *Id*. at *6. These provisions allowed retired District of Columbia

7

A recent case in Federal Court in Texas held that the members of a plaintiff class bringing suit for violation of FACTA similar to that alleged here "were simply not injured" and to allow such a class to recover damages would result in arbitrary damages. *Howard v. Hooters of Houston*, 4:07-cv-03399 (S.D. Tex. April 5, 2008) (unpublished). This Court should avoid such an absurd result and the imposition of arbitrary damages in the absence of any harm.

The Plaintiff and the purported class have suffered no actual harm as a result of the conduct alleged in the Amended Complaint, and therefore do not have standing to bring suit against 1337 Third Avenue. This Court should not ignore the injury in fact requirement and should grant this motion to dismiss for lack of subject-matter jurisdiction.

## II. IN THE ABSENCE OF ACTUAL HARM, THE RELIEF SOUGHT BY PLAINTIFF WOULD VIOLATE PRINCIPLES OF DUE PROCESS.

Because of the likely size of the class which Plaintiff will seek to certify multiplied by the statutory damages provided for by the FRCA, this suit potentially exposes 1337 Third Avenue to substantial damages despite no allegations of any actual harm whatsoever. To permit Plaintiff to recover the damages sought by the Amended Complaint would violate principles of due process set out by the Supreme Court and various circuit courts. A statutory penalty violates due process "where the penalty prescribed is so severe and oppressive as to be wholly disproportioned to the offense and obviously unreasonable." *Texas v. Am. Blastfax, Inc.*, 121 F.Supp.2d 1085, 1090 (W.D.Tex. 2000) (quoting *St. Louis, Iron Mt. & S. Ry. Co. v. Williams*, 251 U.S. 63, 64 (1919)). The FRCA statutory penalties sought by Plaintiff are plainly disproportionate in light of Plaintiff's failure to allege any harm whatsoever.

---

employees to bring suit to "enjoin any act or practice that violates any provision" of the retirement program. The District Court for the District of Columbia held that such a statutory argument "is of absolutely no consequence to the Court's conclusion" that the plaintiffs lack standing. *Randolph*, 2007 WL 565872, at *6-7. The court stated that the plaintiffs lacked standing because they failed to allege an actual or imminent injury in fact. *Id*. at *7. Even though the D.C. Code gave the plaintiffs a right to bring suit, the court held that "the Plaintiffs must demonstrate an injury in fact as a prerequisite to pursuing any cause of action." *Id*.

8

The Supreme Court has recognized both procedural and substantive constitutional limitations on damage awards. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 416 (2003). In *State Farm*, the Court reversed a $145 million punitive damages award that was based on a $1 million compensatory damages judgment, finding that the award clearly violated principles of due process. *Id.* at 429. The Court focused on the due process concerns associated with excessive damage awards in general, stating that the "Due Process Clause . . . precludes the imposition of grossly excessive or arbitrary punishments on a tortfeasor." *Id.* at 416. Furthermore, the Court stated that "to the extent an award is grossly excessive, it furthers no legitimate purpose and constitutes an arbitrary deprivation of property." *Id.* at 417.

On the facts alleged in the instant Amended Complaint, the statutory damages imposed by FACTA are effectively punitive damages, and, however characterized, are clearly "grossly excessive [and] arbitrary." *Id.* at 416. Accordingly, these damages violate the Due Process Clause, and the complaint should be dismissed. The Second Circuit has explained that the combination of "minimum statutory damages awards on a per-consumer basis" and "the class action mechanism":

> may expand the potential statutory damages so far beyond the actual damages suffered that the statutory damages come to resemble punitive damages - yet ones that are awarded as a matter of strict liability, rather than for the egregious conduct typically necessary to support a punitive damage award.

*Parker v. Time Warner Entertainment Co., L.P.*, 331 F.3d, 13, 22 (2d Cir. 2003). In *Parker*, a putative class action suit was commenced on behalf of cable television subscribers alleging that their cable provider violated provisions of the Cable Communications Policy Act. *Id.* In that case, the Court declined to deny class certification because it was not yet known what class the plaintiff "sought to certify and the numbers of potential class members in that proposed class." *Id.* at 21. However, the Court noted that "the aggregation in a class action of large numbers of

9

statutory damage claims potentially distorts the purpose of both statutory damages and class actions" and raises due process concerns.[3]  *Id.* at 22.

"Courts bear a significant responsibility to insure that the great power wielded by plaintiffs . . . carrying the cudgel of a class action is used only in appropriate cases." *Legge v. Nextel Commc'ns, Inc. v. Capital One Bank*, CV 02-8676DSF(VNKX), 2004 WL 5235587, at *13 (C.D. Cal. June 25,2004).  In a number of FACTA class actions, in the context of class certification motions, courts have held that to allow recovery of punishing damages in this context would violate the due process rights of the defendants.  *See, e.g., Blanco v. CEC Entm't Concepts L.P.*, CV 07-0559 (GPS), 2008 WL 239658, at * 1-2 (C.D. Cal. Jan. 10, 2008); *Serna v. Costco Wholesale Corp.*, CV 07-1491 AHM, 2008 WL 234197, at * 1 (S.D. Cal. Jan. 3, 2008); *Soualian v. Int'l Cofee and Tea LLC,* CV 07-502-RGK, 2007 WL 4877902, at * 2-3 (C.D. Cal. June 11, 2007).[4]

Those courts each determined that, in light of due process concerns, a class action was not "superior to other available methods for the fair and efficient adjudication of the controversy," F.R.C.P. 23(b)(3), and, on that basis, declined to certify the proposed class.  In *Soualian*, the court stated that courts have denied class certification because of "fairness and due

---

[3]  The Second Circuit in *Parker* was addressing the due process issue in the class certification context and in particular in circumstances where the District Court had not held a hearing on the proposed class to be certified. Defendant believes that it is clear from the face of the Amended Complaint that Plaintiff's claims would violate due process.  However, if this Court believes that the issue of whether due process is violated is not clear from the face of the Amended Complaint, but would become more clear and should be addressed at the time of the class certification proceedings, depending upon the class which Plaintiff seeks to certify, then Defendant would make this due process argument at that time.

[4]  In a case with facts similar to the present case, *Burdge v. Kerasotes Showplace Theaters, LLC*, No. CA2006-02-023, 2006 WL 2535762, at *7-8 (Ohio App., Sept. 5, 2006), the Ohio Court of Appeals held that actual injury is required to bring an action under the Ohio Consumer Sales Practices Act, the Ohio version of FACTA.  The act stated that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt" and authorized a consumer to recover $200 in statutory damages per violation.  *Id*. at *6.  The court held that actual injury was necessary to bring suit under the statute.  *Id*. at *8-9.  In fact, the court held that "finding that consumers can collect $200 in damages, without suffering injury, every time they visit any merchant in Ohio who has not yet upgraded his or her electronic transaction equipment to comply with current law would lead to seemingly absurd results."  *Id*. at *8.

process concerns" when the defendant's liability "would constitute horrendous, possibly annihilating punishment unrelated to any damage to the purported class." *Soualian v. Int'l Cofee and Tea LLC,* CV 07-502-RGK, 2007 WL 4877902, at * 2 (C.D. Cal. June 11, 2007). The court examined liability under FACTA and held that because the plaintiff alleged no actual damages and due to the fact that the $100 to $1,000 per violation statutory penalty would result in a potentially massive amount of damages, fairness and due process would be violated by certifying the class. *Id*. at * 3. Similarly, in *Serna* the court examined the potential damages of the FACTA class and held that such damages would be "wildly disproportionate to any harm suffered by members of the putative class" and refused to certify the proposed class. *Serna v. Costco Wholesale Corp.*, CV 07-1491 AHM, 2008 WL 234197, at * 1 (S.D. Cal. Jan. 3, 2008). Likewise, in *Blanco* the court held that the potential damages of the FACTA class were "grossly disproportionate to the alleged injury" and, based on the due process concerns resulting from that fact, did not certify the class. *Blanco v. CEC Entm't Concepts L.P*., CV 07-0559 (GPS), 2008 WL 239658, at * 1-2 (C.D.Cal. Jan. 10, 2008).[5]

       Here, allowing Plaintiff and the purported class to recover statutory damages of up to $1000 per violation, where no cognizable injury has occurred or been alleged, would constitute the kind of arbitrary, excessive punishment expressly proscribed by the Supreme Court

---

[5]     Courts have also denied class certification based on due process violations for claims based on other sections of the FCRA. *See, e.g., Legge v. Nextel Commc'ns, Inc. v. Capital One Bank*, CV 02-8676DSF(VNKX), 2004 WL 5235587, at *14-15 (C.D. Cal. June 25,2004) (holding that statutory and punitive damages under the FCRA of $9 per person for a class of 1.5 million are disproportionate to the harm suffered); *In re Trans Union Corp. Privacy Litig*., 211 F.R.D. 328, 350-51 (N.D. Ill. 2002) (finding that statutory and punitive damages under the FCRA of $100 per class member that would exceed award of $19 billion are disproportionate to the harm suffered). Courts have denied class certification based on due process violations for other statutes as well. *See, e.g., Ratner v. Chemical Bank New York Trust Co*., 54 F.R.D. 412, 414-16 (S.D.N.Y. 1972) (declining to certify a class of 130,000 people that sought $13 million in statutory damages where no harm was alleged.); *Kline v. Coldwell Banker & Co*., 508 F.2d 226, 234 (9th Cir. 1974) (reversing a district court's decision to certify a class because of the possibility that outrageous awards of statutory damages would be awarded that "would shock the conscience."); *Anderson v. Capital One Bank*, 224 F.R.D. 444, 453 (W.D. Wis. 2004) (finding that damages of $100-1000 per person for a class of 19,840 are "wholly out of proportion to the harm done to any of the class members").

in *State Farm*, the Second Circuit in *Parker* and the district court cases considering the question in the context of class certification in other FACTA cases.

While some courts have waited to decide the issue until the class certification stage because they believed, in general, that "concerns regarding excessive damages are best addressed if the class is certified and damages are assessed," *Soualian v. Int'l Cofee and Tea LLC,* CV 07-502-RGK, 2007 WL 4877903 (C.D. Cal. May 22, 2007), given that the constitutional infirmity is evident on the face of Plaintiff's Amended Complaint, Defendant believes it is unnecessary to wait until Plaintiff makes a formal motion for class certification. It is clear from the facts alleged and the lack of any allegation of injury, that the damages will be grossly disproportionate to the alleged lack of compliance and constitute a violation of due process.

Based on Plaintiff's own allegations it is clear that (1) Plaintiff was not injured and (2) that the damages sought will be entirely disproportionate to the alleged lack of compliance. Accordingly, the Court should dismiss the Amended Complaint as a clear violation of 1337 Third Avenue's due process rights.

### III. IN THE ABSENCE OF ACTUAL HARM, THE RELIEF SOUGHT BY PLAINTIFF WOULD VIOLATE COMMON LAW TORT PRINCIPLES.

The Amended Complaint should also be dismissed because the recovery of statutory damages without any allegation of actual harm is contrary to general common law tort principles recognized by the Supreme Court. In *Doe v. Chao*, the Court noted the general principle that "tort recovery requires not only a wrongful act plus causation reaching to the plaintiff, but proof of some harm from which damages can reasonably be assessed." *Doe v. Chao*, 540 U.S. 614, 621 (2004). In other words, to state a claim, a plaintiff must show some proof of actual harm.

In *Doe*, the Supreme Court relied on this principle to find that plaintiffs were required to show actual damages to qualify for statutory damages under the Privacy Act. *Id*. at 627. The language of the Privacy Act provides that a plaintiff may recover "actual damages sustained by the individual as a result of the refusal or failure, but in no case shall a person entitled to recovery receive less than the sum of $1,000." *Id*. at 619. Both FACTA and the Privacy Act provide for statutory damages and contain a "floor" on those damages. As a result, the same principles of tort law recognized by the Supreme Court in *Doe* to apply to the Privacy Act, apply equally to the present case -- there can be no recovery of statutory damages where there has not even been an attempt to show or even allege actual harm.

Some courts have rejected this argument in the FACTA context, stating that statutes may depart from this common law principle and that FACTA does so by explicitly providing for statutory damages independent of actual damages. *See Arcilla v. Adidias Promotional Retail Ops*., 488 F.Supp.2d 965, 973-74 (C.D. Cal., 2007). This construction of the statute, however, is entirely inconsistent with the purpose of FACTA. Congress enacted the FCRA, of which FACTA is a part, for the purpose of protecting consumer's privacy rights and ensuring that credit information was used for proper purposes. *See Philbin v. Trans Union Corp*., 101 F.3d 957, 962 (3rd Cir. 1996). FACTA was enacted to prevent identity theft. *See Iosello v. Leiblys, Inc.*, 502 F.Supp.2d 782, 786 (N.D. Ill. 2007). Punishing an alleged technical violation of the statute with massive and disproportionate damages when no one was harmed does not further these goals.[6]

---

[6] There are a number of other cases that address other provisions of the FCRA that have held proof of actual harm is not a prerequisite to recover statutory damages; however, those cases are readily distinguishable. Each case involved actual harm to the plaintiff -- consumers' credit reports were accessed without their permission, accessed for improper purposes, or contained inaccurate information. *See, e.g*., *Miller v. CoreStar Fin. Group of Pa, Inc.*, No. 05-5133, 2006 WL 1876584, at *5 (E.D. Pa. June 29, 2006) (consumer report was used improperly); *Bernal v. Corestar Financial Group*, No. 06C0009, 2006 WL 2038195, at * 1 (E.D. Wis. July 20, 2006) (defendant accessed

Here, Plaintiff's Amended Complaint does not allege that the receipts at issue have been provided to, accessed by, or used by third parties in any manner or that a technical violation of FACTA caused any damage whatsoever. The recovery of statutory damages without any allegations of actual harm is contrary to general common law tort principles, and the Amended Complaint, accordingly, should be dismissed.

---

credit report for an impermissible purpose); *Hernandez v. Chase Bank USA, NA.*, 429 F. Supp. 2d 983, 988-89 (N.D. Ill. 2006) (lender prescreened a credit report without the plaintiff's permission).

## CONCLUSION

For the reasons set forth above, Defendant 1337 Third Avenue respectfully requests that the Court dismiss the Amended Complaint in its entirety.

Dated:   New York, New York                    SCHULTE ROTH & ZABEL LLP,
        May 5, 2008

                                  By: /s/ Robert J. Ward
                                      Robert J. Ward
                                      Gregory A. Kasper
                                      919 Third Avenue
                                      New York, NY 10022
                                      (212) 756-2000
                                      robert.ward@srz.com
                                      gregory.kasper@srz.com

                                      *Attorneys for Defendant 1337 Third Avenue LLC*